John T. Pierce, Appellee, v. The Decatur Coal Company, Appellant.

1. EVIDENCE—*when showing conditions after accident incompetent.* *Held,* that it was prejudicial error to permit testimony as to the condition of a platform 15 months after the date of the injury to the plaintiff.

2. INSTRUCTIONS—*when containing abstract propositions of law ground for reversal.* Instructions which are abstract in form and calculated to mislead are ground for reversal.

3. INSTRUCTIONS—*must not assume facts in dispute.* An instruction which assumes that an alleged defective and dangerous condition of a platform was due to a latent defect, when such question was in issue in the cause, is erroneous and ground for reversal.

4. MASTER AND SERVANT—*obligation of latter to exercise care.* While the law casts the duty upon the master to exercise reasonable care to inspect the place where a servant is directed to work, such duty of inspection does not justify a servant in closing his eyes and relying upon such inspection by the master, when by the exercise of ordinary care on the part of the servant he might have discovered the existence of an unsafe and dangerous condition.

Pierce v. The Decatur Coal Company, 151 Ill. App. 47.

Action in case for personal injuries. Appeal from the Circuit Court of Macon county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed October 25, 1909.

LE FORGEE & VAIL, for appellant.

CHARLES M. BORCHERS and BUCKINGHAM & GRAY, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On June 24, 1907, the plaintiff who was then employed by the defendant as a carpenter, was directed by John Fahey, a top boss in the employ of the defendant, to remove an old and abandoned coal chute on the northwest corner of a large wooden platform constructed of heavy timbers covered with elm planks, and while so engaged necessarily stepped upon one of said planks which by reason of its decayed condition then broke and precipitated the plaintiff a distance of twenty-four feet to the ground, causing the injury complained of. The principal ground of negligence alleged in the declaration and relied upon for a recovery, was the failure of the defendant to exercise reasonable care to provide the plaintiff with a reasonably safe place in which to work. A trial of the case resulted in a verdict and judgment gainst the defendant for the sum of $2500.

As the judgment must be reversed for errors of law, we refrain from a discussion of the evidence in the case.

It was error prejudicial to the defendant to permit the witnesses Charles Bordman and Archie Archer to testify to the condition of the platform in August, 1908, fifteen months after the injury to the plaintiff. The time when said witnesses examined the platform was too remote from the date of the injury to make their testimony admissible.

The first and second instructions given at the instance of the plaintiff are abstract in form and were calculated to mislead the jury. As relating to the first instruction it may be said that while the law casts the duty upon the master of exercising reasonable care to inspect the place where a servant is directed to work, such duty of inspection does not justify the servant in closing his eyes, and relying upon such inspection by the master, when by the exercise of ordinary care on his part the servant might have discovered the existence of an unsafe and dangerous condition. The second instruction assumes that the alleged defective and dangerous condition of the platform was due to a latent defect, and the third instruction given at the instance of the plaintiff is subject to the same criticism. The sixth instruction given at the request of the plaintiff, which directed a verdict, failed to inform the jury that the plaintiff was chargeable with knowledge of the condition of the platform which he might have acquired by the exercise of reasonable care on his part.

For the errors indicated the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*