### John T. Pierce, Appellee, v. Decatur Coal Company, Appellant.

MASTER AND SERVANT—*when doctrine of assumed risk does not apply.* If a servant is ordered by his master to do certain work he has the right to assume that such master will not expose him to unnecessary danger and if in undertaking to do such work and in doing the same he acts as a reasonably prudent man would act under like circumstances the doctrine of assumed risk will not preclude his recovery.

Action in case for personal injuries.  Appeal from the Circuit court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding.  Heard in this court at the May term, 1910.  Affirmed. Opinion filed October 18, 1910.  *Certiorari* denied by Supreme Court (making opinion final).

LE FORGEE, VAIL & MILLER, for appellant.

CHARLES M. BORCHERS and BUCKINGHAM & GRAY, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon a former appeal of this cause, the judgment for the plaintiff was reversed and the cause remanded. Pierce v. Decatur Coal Co., 151 Ill. App. 47.  Upon a second trial the plaintiff recovered a judgment for $3,000, to reverse which this appeal is prosecuted.

The principal ground of negligence alleged in the declaration, and relied upon for recovery, was the failure of the defendant to exercise reasonable care to provide the plaintiff with a reasonably safe place in which to work.  The cause was tried upon evidence introduced by the plaintiff only, which discloses the following facts.  The plaintiff, who had been a carpenter for thirty years, had been in the defendant's employ as mine carpenter for about fourteen months prior to the time he was injured.  He worked under the direction of Armstrong, appellant's general manager, and one Fahay, top boss of appellant's mine. At the tipple of the shaft of the mine was a platform, rectangular in shape, and about twenty-one feet above the ground.  It had been built many years before, and had not been inspected for several years. The supports were pine timber.  The flooring consisted of two by four elm boards running east and west, and laid upon eight by eight sills running north and south. Along the west edge of the platform, which was unenclosed, the boards extended about fifteen inches beyond the sill.  A track ran from the tipple along the west side of the platform, to a chute on the northwest

corner, which had been used for several years. The track at the time in question was used for the storage of coal cars as they came up from the mine. Above the floor boards and outside the west rail of the track, was a seven by nine timber called a "dump log," which lay directly above the sills to which the flooring was attached. The dump log extended out beyond the north edge of the platform for some distance, and at the other end lay upon three of the floor boards. The purpose of the same was to trip the coal cars and throw the coal from them into the chute. There was a corresponding dump log east of the track, which had practically rotted away.

The only time the plaintiff had ever been upon the platform was about ten days before the accident, when he had taken a piece of iron from the chute. Two days prior thereto he was directed by Fahay to go upon the platform and tear down the chute. There was some discussion between them as to whether the chute timber should be sawed or torn off, but the plaintiff was given no specific directions as to how or where he should stand on the platform while doing the work, or the tools he should use. He testified that he first removed the dump log, and then sought to detach one of the main timbers of the chute at the northwest corner of the platform; that he used a crowbar because, being right-handed, he was unable to knock it off with a sledge; that if he swung at it right-handed and missed, the force of the blow might have thrown him off the platform; that the only way for him to adjust the crowbar so that he would not be thrown off in case it slipped, was to get out on the ends of the floor board beyond the sill and pry from there; that he stepped out and stood upon and about twelve inches from the end of one of those boards, and just as he put his crowbar in position to pry, the board upon which he stood broke, throwing him to the ground, breaking his thigh and hip bone. He fur-

ther testified that in removing the dump log, he noticed that two of the floor boards immediately to the north of the one on which the latter stood, were rotten and broken off near the dump log, which he attributed to the moisture that had soaked in between the log and the floor board upon which it rested; that while he did not examine the remaining boards, upon one of which he afterward stood, they all seemed sound. There were no witnesses to the accident other than the plaintiff.

The evidence clearly shows that a proper examination of the platform by the defendant would have disclosed the condition of the board. It contends, however, that under the peculiar circumstances of the case, it was under no duty to specially inspect the platform for the plaintiff prior to sending him on it to work; that he had an equal or better opportunity than the defendant to know the condition of the boards; that although the defect was latent, such conditions could easily have been ascertained by the plaintiff in the exercise of due care, and that he therefore assumed the risk.

We are of opinion that the jury was fully warranted in finding that the platform upon which the plaintiff was ordered to work was defective and dangerous, and that such condition had existed for such length of time that the defendant, in the exercise of due care, should have known of the same. The negligence charged in the declaration was thus established. If it can be properly and justly held that under all the facts and circumstances disclosed by the evidence the plaintiff was not reckless in obeying the order to work upon the platform, but acted as a reasonably prudent person would have acted, it cannot be said that he assumed the risk. When he was ordered to stand upon the platform while wrecking the chute, he had the right to assume that the defendant, his employer, acting through its foreman or top-boss, would not expose

him to unnecessary peril. The order itself constituted an assurance of safety, and an assumption by the defendant of the risk of any injury to the plaintiff by reason of any defect in the platform. We think the question as to whether the plaintiff acted recklessly in proceeding to work on the platform without any further inspection than the evidence discloses was made by him, and whether his conduct as a whole was that of a reasonably prudent man, was properly submitted to the jury, and that their finding thereon in his favor cannot be disturbed as being manifestly against the weight of the evidence. The defenses of assumed risk and contributory negligence, therefore, cannot be successfully invoked.

We find no prejudicial error in the rulings of the court upon the instructions. When read together they fully and fairly state the law applicable to the facts.

The judgment of the Circuit Court is affirmed.

*Affirmed.*